UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WALTER S., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 19 CV 929 <br><br> Magistrate Judge McShain |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Walter S. brings this action under 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's (SSA) decision denying his application for benefits. For the following reasons, the Court grants plaintiff's motion for summary judgment [13],[1] reverses the SSA's decision, and remands this case for further proceedings.

**Background**

Plaintiff applied for Disability Insurance Benefits in August 2015, alleging a disability onset date of April 29, 2015. [7-1] 15, 171. In May 2017, plaintiff filed an application for Supplemental Security Income, which also alleged an April 29, 2015 onset date. [*Id.*] 194-99. These claims were denied initially and on reconsideration. [*Id.*] 96-100, 102-06. Plaintiff requested a hearing, which was held by an

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. However, citations to the administrative record [7-1] refer to the page number in the bottom right corner of each page.

Administrative Law Judge (ALJ) on September 21, 2017. [*Id.*] 31. In a decision dated January 31, 2018, the ALJ found that plaintiff was not disabled. [*Id.*] 15-25. The Appeals Council denied review on December 21, 2018 [*id.*] 1-6, making the ALJ's decision the final agency decision. This Court has jurisdiction to review the SSA's decision under 42 U.S.C. § 405(g).

## Legal Standard

I review the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is a standard that "requires more than a mere scintilla of proof and instead such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Walker v. Berryhill*, 900 F.3d 479, 482 (7th Cir. 2018) (internal quotation marks omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The SSA must consider whether (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional

2

capacity (RFC) to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see also Apke v. Saul*, 817 F. App'x 252, 255 (7th Cir. 2020).

## Discussion

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity after the alleged onset date. [7-1] 17. At step two, the ALJ found that plaintiff had two severe impairments: degenerative disc disease of the lumbar and cervical spine and obesity. [*Id.*]. At step three, the ALJ found that plaintiff's impairments did not meet or medically equal the severity of any listed impairment, including Listing 1.04 for disorders of the spine. [*Id.*] 19. At step four, the ALJ found that plaintiff has the RFC to perform "light work" as defined in 20 C.F.R. § 404.1567(b) subject to certain restrictions. [*Id.*] 19-22. The ALJ also found that plaintiff was capable of performing his past relevant work as a security guard. [*Id.*] 22-24. Finally, at step five, the ALJ found that there were other jobs that exist in significant numbers in the national economy that plaintiff can perform. [*Id.*] 24-25. Accordingly, the ALJ found that plaintiff was not disabled.

Plaintiff argues that the ALJ failed to properly assess whether his spinal condition met or equaled Listing 1.04. [14] 10-12. In particular, plaintiff contends that the ALJ did not discuss evidence in the record that, in plaintiff's view, contradicted the ALJ's Listing conclusion. For example, plaintiff cites MRIs taken in August 2011 as evidence of nerve root compression or spinal cord compromise, which is relevant to meeting or equaling Listing 1.04(A). [7-1] 261-62, 265. To show that his spinal

3

condition met or equaled Listing 1.04(C), plaintiff cites evidence that (1) an MRI documented lumbar stenosis [*id.*] 259-60, 493-94; (2) he had chronic nonradicular pain and weakness [*id.*] 246, 408, 431, 443; (3) he is unable to ambulate effectively (he reported being able to walk only a half-block at a time, and other evidence suggested he walked slowly and with an altered gait) [*id.*] 455, 486; and (4) his lumbar pain was due to neurogenic claudication, which is another term for pseuodoclaudication [*id.*] 249; [14] 4 & n.9.

The Court agrees with plaintiff. Although the ALJ was not required to "provide a complete written evaluation of every piece of testimony and evidence," he did need to "build a logical bridge from the evidence to his conclusion." *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012). But the ALJ failed to do so here, as his one-sentence analysis of the Listing 1.04 issue shows:

> The claimant's impairment failed to meet or medically equal listing 1.04 (Disorders of the spine) because the record, consistent with the findings below, does not demonstrate compromise of a nerve root (including the cauda equina) or the spinal cord with additional findings of: (A) evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflect loss and positive straight-leg raising; (B) spinal arachnoiditis; or (C) lumbar spinal stenosis resulting in pseudoclaudication.

[7-1] 19.

The ALJ's decision "is the very type of perfunctory analysis [courts] have repeatedly found inadequate to dismiss an impairment as not meeting or equaling a Listing." *Minnick v. Colvin*, 775 F.3d 929, 935-36 (7th Cir. 2015) (reversing ALJ's decision that plaintiff did not meet or equal Listing 1.04 where ALJ stated only that

"[t]he evidence does not establish the presence of nerve root compression, spinal arachnoiditis, or spinal stenosis resulting in pseudoclaudication, as required by that listing"). The ALJ simply gave a conclusion, did not cite any evidence in support, and failed to discuss evidence that arguably contradicted his decision.

Far from showing that the SSA's decision should be affirmed, the Commissioner's arguments highlight why reversal is required.

The Commissioner first argues that the ALJ's decision is consistent with the fact that "every doctor of record evaluated the Listing, and found that [plaintiff] did not meet or equal the Listing." [15] 2. Here the Commissioner refers to the opinions of two State agency medical consultants and the medical expert who testified at the hearing, each of whom opined that plaintiff's spinal disorder did not meet or equal Listing 1.04. [*Id.*]. But the ALJ did not cite to or otherwise rely on these opinions when he ruled against plaintiff on the Listing issue [7-1] 19, and so they cannot be used to uphold the ALJ's decision. *See Jelinek v. Astrue*, 662 F.3d 805, 812 (7th Cir. 2011) ("We have made clear that what matters are the reasons articulated *by the ALJ*.") (emphasis in original); *Larson v. Astrue*, 615 F.3d 744, 749 (7th Cir. 2010) ("But these are not reasons that appear in the ALJ's opinion, and thus they cannot be used here.").

Second, the Commissioner argues that "none of the evidence cited by plaintiff warrants setting aside the three opinions of doctors opining that plaintiff did not meet or equal Listing 1.04." [15] 3. Again, however, the ALJ did not acknowledge the evidence relied on by plaintiff–let alone explain why it did not show that plaintiff's

5

condition met or equaled Listing 1.04. The Commissioner's argument about the supposed deficiencies in plaintiff's evidence "is rejected as an impermissible post-hoc rationalization because the ALJ did not justify" his decision by articulating these deficiencies himself. *Hughes v. Berryhill*, No. 17 C 5468, 2018 WL 3647112, *7 (N.D. Ill. Aug. 1, 2018); *accord Minnick*, 775 F.3d at 936 (reversing ALJ's decision because "the ALJ failed to acknowledge several aspects of the record that could in fact meet or equal Listing 1.04"); *Meuser v. Colvin*, 838 F.3d 905, 911 (7th Cir. 2016) (where "the ALJ did not rely on this rationale in his opinion," the "Commissioner cannot now rely on it" as basis for affirming ALJ's decision).

In the end, the ALJ's conclusory analysis of the Listing issue prevents this Court from deciding whether substantial evidence supports his decision that plaintiff's spinal disorder did not meet or equal Listing 1.04. Although plaintiff contends that the record establishes that his spinal disorder meets or equals the Listing–and that he is thus entitled to an award of benefits–the parties' briefs and their citations to the record demonstrate that this remains a disputed factual question that the ALJ must resolve in the first instance. The case must therefore be remanded. *See Megan R.D. v. Saul*, 2020 WL 70937, *2 (N.D. Ill. Jan. 7, 2020) ("Because the Court cannot trace the path of the ALJ's reasoning from the medical evidence to his conclusions with respect to [the Listing] criteria, this case must be remanded.").[2]

---

[2] Because this issue is dispositive, the Court need not address the other issues raised by plaintiff.

## Conclusion

Plaintiff's motion for summary judgment [13] is granted. The decision of the SSA is reversed, and, in accordance with the fourth sentence of 42 U.S.C. § 405(g), this case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

_____
**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: November 12, 2020**