UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WALTER S.,<br><br>  Plaintiff,<br><br>  v.<br><br>ANDREW M. SAUL,<br>  COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | No. 19 CV 929<br><br>Magistrate Judge McShain |

**MEMORANDUM OPINION AND ORDER**

This is a Social Security case in which the Court granted plaintiff's motion for summary judgment, reversed the decision of the Social Security Administration, and remanded the case for further proceedings. [25][1]; *Walter S. v. Saul*, No. 19 CV 929, 2020 WL 6681367 (N.D. Ill. Nov. 12, 2020). The Court held that the administrative law judge (ALJ) erred at step three of his analysis by failing to build a logical bridge from the evidence in the record to his conclusion that plaintiff's spinal condition did not meet or medically equal Listing 1.04. [25] 3-6. In particular, the Court found that the ALJ did not discuss evidence that arguably contradicted his decision that plaintiff did not meet or equal the Listing. [*Id.*] 3-4. The Court also rejected the Commissioner's argument that the ALJ's decision should be affirmed because "every doctor of record evaluated the Listing, and found that [plaintiff] did not meet or equal

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. However, citations to the administrative record [7-1] refer to the page number in the bottom right corner of each page.

the Listing." [*Id.*] 5. The Court determined that this opinion evidence could not support the ALJ's decision because "the ALJ did not cite to or otherwise rely on these opinions when he ruled against plaintiff on the Listing issue[.]" [*Id.*].

Pending is the Commissioner's motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) [27] and plaintiff's opposition [29].[2]

"A Rule 59(e) motion can be granted only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Barrington Music Prods., Inc. v. Music & Arts Center*, 924 F.3d 966, 968 (7th Cir. 2019) (internal quotation marks omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party"; instead, it "is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted).

The Commissioner argues that reconsideration is warranted in light of *Jeske v. Saul*, 955 F.3d 583 (7th Cir. 2020), which was decided after briefing concluded but before the Court issued its decision. [27] 2-3.[3] In *Jeske*, the Seventh Circuit rejected a claim that the ALJ's decision at step three was deficient because the bulk of the

---

[2] The Court set December 22, 2020 as the due date for the Commissioner's reply brief [28], but no reply brief was filed.

[3] *Jeske* was decided on April 2, 2020, more than seven months before this Court ruled on the parties' motions for summary judgment. The Court recognizes that *Jeske* is a binding decision from the Seventh Circuit, but given the Commissioner's argument that the Court manifestly erred by failing to discuss that case in its decision, the Commissioner should have sought to cite the decision as supplemental authority so that the Court could have considered it before issuing its decision.

2

ALJ's analysis appeared, not in the section of the ALJ's decision that discussed the Listings specifically, but in a later section that discussed the claimant's residual functional capacity (RFC). 955 F.3d at 589-90. As the Seventh Circuit explained, nothing in Social Security law forbids an ALJ to "plac[e] some of its step-three rationale with its discussion of a claimant's RFC[.]" *Id.* at 590. To the contrary, the court recognized that "when an ALJ explains how the evidence reveals a claimant's functional capacity, that discussion may doubly explain how the evidence shows the claimant's impairment is not presumptively disabling under the pertinent listing." *Id.* The Seventh Circuit added that "[t]o require the ALJ to repeat such a discussion throughout [the] decision would be redundant." *Id.*

For at least two reasons, *Jeske* provides no basis to reconsider the Court's grant of summary judgment for plaintiff.

First, the Court's decision is not contrary to *Jeske* because the Court did not hold or imply that, in evaluating the ALJ's handling of the Listings issue, the Court was barred from considering any part of the ALJ's decision except for the section discussing the Listings specifically. [25] 4-6.

To be sure, the Court focused on the ALJ's conclusory, one-sentence analysis of Listing 1.04 that appeared in the section of his decision dealing specifically with the Listings. [*Id.*] 4-5. But the Court also entertained the Commissioner's argument that the ALJ's decision could be sustained in light of the State agency medical consultants' and the testifying medical expert's opinions that plaintiff's spinal condition did not meet or equal Listing 1.04, even though those opinions were not

3

discussed in the Listings-specific section of the decision. [*Id.*] 5. In the Court's view, however, that argument failed because the ALJ did not rely on those opinions anywhere in his written decision – let alone explain why (or whether) he credited those opinions over the evidence that arguably showed that plaintiff met or equaled Listing 1.04. [*Id.*] 5-6. Because the Court considered the ALJ's decision as a whole, the Court finds that its grant of summary judgment for plaintiff does not represent a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto*, 224 F.3d at 606.

Second, this case is distinguishable from *Jeske* because, unlike in that case, the ALJ's discussion of plaintiff's RFC here does not "doubly explain how the evidence shows the claimant's impairment is not presumptively disabling under the pertinent listing." 955 F.3d at 590.

The Commissioner's merits brief observed that two State Agency medical consultants and the testifying medical expert evaluated Listing 1.04 and found that plaintiff's condition did not meet or equal the Listing. [15] 2. According to the Commissioner, the ALJ "referenced" these opinions when crafting plaintiff's RFC, and it was this "reference" to the medical opinions that ought to have sustained the denial of benefits. [*Id.*] (citing [7-1] 22). But the portion of the ALJ's decision relied on by the Commissioner (reproduced in full below) sheds no light on the ALJ's earlier ruling that plaintiff's spinal condition did not meet or equal Listing 1.04:

> As for the opinion evidence, I have considered the opinions of the non-examining State Agency medical consultants (Ex. 1A-4A) who opined that the claimant was limited to light exertion with regard to lifting and mixed light/sedentary with regard to sitting, standing. The State agency

4

> medical consultants at the initial and reconsideration levels did not examine the claimant and did not have access to all the material medical evidence in the file when rendering their opinions. Subsequent medical records and the opinion of the medical expert, James McKenna, M.D., indicate the claimant is limited to light work. Based on these considerations, I give less weight to the opinions of the State Agency medical consultants when they are inconsistent than the finding contained herein and significant weight to the medical expert who testified at the hearing. Dr. McKenna reviewed the entire record and listened to the claimant's testimony.

[7-1] 22.

This passage cannot save the ALJ's decision because the ALJ did not discuss the medical consultants' or testifying expert's opinions on the Listings question, he did not discuss the evidence on which those opinions rested, he did not discuss plaintiff's evidence that arguably contradicted the ALJ's Listing decision, and he did not explain why – or if – he credited those opinions over the evidence that supported plaintiff's claim that his spinal disorder met or equaled Listing 1.04.[4]

In that respect, this case resembles, not *Jeske*, but *Plessinger v. Berryhill*, 900 F.3d 909 (7th Cir. 2018). The claimant in that case, Plessinger, introduced "substantial evidence from treating and examining physicians tending to show that [he] may have met or equaled Listing 1.04A." *Id.* at 917. Nevertheless, the ALJ ruled

---

[4] The Commissioner contends that the ALJ adequately discussed plaintiff's evidence relating to Listing 1.04 when the ALJ noted that, according to a March 2016 consultative examination, plaintiff "could walk greater than 50 feet without support." [7-1] 22. According to the Commissioner, plaintiff's ability to walk "fifty feet without difficulty" was "inconsistent with the Listing 1.04 requirement of an inability to ambulate effectively." [27] 3. But as plaintiff persuasively explains in his opposition [29] 5-6, the ALJ never concluded that this was evidence of an inability to effectively ambulate. Nor did the ALJ acknowledge evidence that plaintiff could walk only a half-block at a time and that he walked slowly and with an altered gait. [7-1] 447, 455, 486. Nor, finally did the ALJ evaluate whether this evidence demonstrated an inability to ambulate effectively in light of the regulation stating that "the inability to walk a block at a reasonable pace on rough or uneven surfaces" is an example of an inability to effectively ambulate. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00(B)(2)(b)(2).

5

that the Listing was not satisfied because "a board certified internist and impartial medical expert . . . testified that [Plessinger's] physical impairments . . . do not meet or equal any section of the listed impairments." *Id.* The Seventh Circuit held that this "was not a sufficient explanation of the ALJ's reasoning" because "[i]t would not allow [a] court to undertake a meaningful review" of the ALJ's decision. *Id.* (internal quotation marks omitted). Because the ALJ simply summarized the expert's opinion, and did not explain why he credited it over other evidence in the record, the Seventh Circuit "could not 'discern from the ALJ's scant analysis whether [he] considered and dismissed, or completely failed to consider, this pertinent evidence,' so that the ALJ did not 'build a logical bridge' from the evidence to his conclusion." *Id.* (quoting *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015)).

As in *Plessinger*, plaintiff here introduced evidence (summarized in the Court's earlier decision [25] 3-4) tending to show that he may have met or equaled Listing 1.04. And again like *Plessinger*, the ALJ ruled that plaintiff did not satisfy Listing 1.04 without discussing that evidence. Indeed, unlike the ALJ in *Plessinger*, the ALJ in this case did not even mention the opinion evidence that was consistent with his Listing decision, let alone build a logical bridge from that evidence (and the other evidence in the record) to his conclusion. It is therefore unclear from the ALJ's "scant analysis whether [he] considered and dismissed" plaintiff's evidence or "completely failed to consider" it. *Plessinger*, 900 F.3d at 917.

Having considered the Commissioner's position in light of *Jeske*, the Court adheres to its original decision. Because the ALJ did not discuss or rely on the

6

opinions of the State Agency medical consultants or the testifying expert in deciding that plaintiff's spinal condition did not meet or equal Listing 1.04, and because the ALJ did not discuss or explain why he did not credit plaintiff's evidence supporting a finding that his spinal problems met or equaled Listing 1.04, this Court remains unable to decide whether substantial evidence supports his decision at step three.

The Commissioner's motion to alter or amend the judgment [27] is accordingly denied.

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: December 29, 2020**